WALLACE, Judge.
Mickey A. Palmieri appeals the trial court’s order denying his motion filed pursuant to Florida Rule of Criminal Proce *341 dure 3.800(a). In his motion, Palmieri alleged that his five concurrent fifteen-year mandatory terms of imprisonment for five burglaries committed during 1998 imposed pursuant to the Prison Releasee Reoffender Punishment Act were illegal under Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). Taylor held that chapter 99-188, Laws of Florida, is unconstitutional because it violates the single subject rule of the Florida Constitution. Id. at 550. In denying Palmieri’s motion, the trial court found that “[a]s of April 29, 2002, the Florida Legislature cured the single subject rule violation by reenacting the provisions originally contained in Chapter 99-188. In doing so, the Florida Legislature provided for the retroactive application of each reenactment to July 1, 1999.” However, in Green v. State, 839 So.2d 748 (Fla. 2d DCA), review granted, Franklin v. State, 854 So.2d 659 (Fla.2003), this court held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
The effective date of the Prison Releas-ee Reoffender Punishment Act, chapter 97-239, Laws of Florida, was May 30, 1997. Jefferson v. State, 111 So.2d 1082 (Fla. 2d DCA 2001). Chapter 99-188, containing certain amendments to the Act, did not become effective until July 1, 1999. Therefore, Taylor is inapplicable to the sentences imposed for Palmieri’s offenses that were committed in 1998. Palmieri does not allege that he could not have been sentenced as a prison releasee reoffender pursuant to the statute in effect on the dates of his offenses. Thus Palmieri is not entitled to relief.
We therefore affirm the trial court’s order denying Palmieri’s motion to correct illegal sentence on the basis that Palmieri’s sentence is not subject to challenge under Taylor.
Affirmed.
CASANUEVA and STRINGER, JJ., Concur.